JOHN SVALGAARD v. NATIONAL SURETY COMPANY OF NEW YORK.[1]

April 25, 1924.

No. 23,881.

**Surety liable to subcontractor on judicial ditch for labor employed.**

Plaintiff agreed with the contractors of a public drainage project to dig the trench and lay the tile in a branch thereof. After doing a certain amount he was released by the contractor. The work was approved by the engineer in charge of the construction, and upon his estimate, agreed to by the contractors, there was unpaid plaintiff when released $478. No evidence to the contrary was received. *Held*:

(1) Plaintiff was entitled to a directed verdict.

(2) In this action to recover upon the statutory bond given by defendant to secure payment for labor incurred by the contractors, the proof offered of negligent performance by plaintiff and damage to defendant was rightly rejected, since such damage was not alleged, and the contractors, who were alleged to have been damaged, admitted the amount sued for to be correct.

(3) It appearing that the work was accepted by the engineer in charge of the construction, whose directions plaintiff was to follow under his contract of hire, inquiry as to whether it conformed to the plans and specifications became immaterial.

Action in the district court for Watonwan county to recover $478. The case was tried before Comstock, J., who granted plaintiff's motion for a directed verdict in his favor. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Horace W. Roberts*, for appellant.

*Regan & Grogan*, for respondent.

[1]Reported in 198 N. W. 449.

HOLT, J.

A verdict was directed for plaintiff, and from the order denying its motion for a new trial defendant appeals.

In 1913, in the construction of Judicial Ditch 7 in the counties of Blue Earth and Watonwan, defendant gave the statutory bond in behalf of the contractors. Plaintiff in November, 1916, agreed with the contractors to dig a branch ditch and lay the tile therein, but not to cover the tile or refill the ditch. He was to be paid so much per foot according to the size of the tile. In 1918, before the work was done, he was called to enter the army. The contractors thereupon released him from the job. For what he had done up to that time there was unpaid $478, the sum, with interest, for which the verdict was rendered. When the trial opened, it was stipulated that the engineer in charge of the construction of the ditch, if present, would testify that all of the tile laid by plaintiff was laid in accordance with his survey and accepted. Plaintiff and the contractor with whom plaintiff dealt testified to the same effect and that there was unpaid the amount stated. There was nothing received in contradiction. Hence, when the parties rested, plaintiff was entitled to the verdict given.

The answer alleged that plaintiff negligently failed to protect the tile laid, and because of such failure the tile filled with sand and the contractors were thereby damaged in excess of $1,000; and also that the tile was not placed to the depth required by the plans and specifications. The court excluded certain evidence offered to sustain these defenses, and such rulings present the only errors assigned in the appeal.

Certain questions were put to Mr. Sutherland, who went to work for the contractors in finishing plaintiff's job, touching sediment in the tile laid by plaintiff. Objections thereto were sustained. Then this offer was made: "I offer to prove by this witness that when he took over the work on this branch he found in the work which Mr. Svalgaard, the plaintiff, had done, a considerable amount of sediment in the tile running back over a forty, and that in compliance with the orders of the engineer who was later in charge of the

ditch he cleaned out that 1,300 or 1,400 feet of tile at an expense to the defendant in this case of approximately $700 or $800, and that the indications when he took over the work in the spring of 1918 were that that sediment had entered by reason of the failure to properly guard the head of the tile, the temporary intake."

It is to be noted that the answer contains no allegations that this defendant cleaned out or relaid the tile, or incurred any expense in that connection. The allegations are that the contractors did the work and were to the expense stated. But the partner of the contracting firm who made the bargain with plaintiff testtified positively that the work the latter did was checked up by the firm and the engineer from whom he got the estimates of what plaintiff had done, that the amount claimed in the complaint was correct, and that the tile as laid by plaintiff when he left the job was in accordance with the engineer's instructions and levels. This testimony from the one primarily liable to plaintiff disproves the defense of negligence and consequent damage pleaded to the contractors. The offer to prove that this defendant had been to any expense or had been damaged by any neglect of plaintiff's was properly rejected as not pleaded.

There was a change of engineers after plaintiff quit. And by the one later in charge defendant sought to show that the tile was not laid at the depth required by the plans, profiles and specifications. No plans or profiles were shown plaintiff when he undertook the work. He testified he was to lay the tile as the engineer directed. He did so. The survey was followed. The engineer had placed stakes at intervals along the line of the ditch, and by the numbers on the stakes and the figures upon a paper furnished by the engineer the depth at which the tile was to be laid was ascertained. The engineer in charge, the one who as between plaintiff and the contractors was to be the arbiter as to how the tile was to be laid, having passed upon and accepted the work, it becomes unimportant whether the plans and specifications were deviated from. The engineer has the duty of supervision of the laying of tile ditches, and must inspect the work from time to time (G. S. 1913, § 5541), and the contract for the construction, framed by him, is to contain

provisions under which he reserves the right, within specified limits, to modify his plans and specifications as the work proceeds (section 5526). There was no error of which defendant may complain in the court's rulings.

The order is affirmed.